The opinion of the court was delivered by
Rogers, J.
Three exceptions, have been filed to the decree of the Orphans’ Court: 1st. In not allowing interest on the account of John Patterson, as charged by him; in rejecting the interest on his account; and, in not allowing interest, until three months after the last item on the debit side.
The intestate, John Williams, opened a running account with John Patterson, a storekeeper in Mifflin county. There was no final settlement, in the lifetime of the intestate, but Williams paid Patterson, from time to time, several sums of money. Patterson balanced his books at the end of each year, which appears to be his practice, and charged interest on the balance. Whether he allows interest, is not so manifest. It is to this the first exception applies; and there can be but little question, that such a practice, if sanctioned by the court, would lead to great injustice. If there had been an express agreement between them, that would be relieved against as inconsiderate and oppressive. Thus when a mortgagee inserts a covenant, in the mortgage deed, that if the interest be not punctually paid at the day, it shall- from that time, and so from time to time, be turned into principal, and bear interest, equity relieves the mortgagor against such a covenant, as unjust and oppressive. Sir Thomas Mear’s case, cited in Cases Temp. Talb. 40, 42. Salk. 449. and Thornhill v. Evans, Atk. 330.
Here, to make the most of it, it amounts to an implied agreement, from the practice of Patterson, and the knowledge, and therefore implied consent of Williams. Sanction this, and it is made the direct interest of this class of people, to encourage their dilatory customers to run up their accounts with them, knowing that until the time comes for pressing a settlement, their accounts will be drawing compound interest. When the day of settlement comes, the debtor finds himself, unacquainted as he generally is with the operation of this principle, in debt to perhaps double the amount he supposed. A judgment and mortgage is the conse *258 quence, and finally it ends in his property being sold for half its value. To protect the ignorant and unwary, public policy requires, that courts of justice should put the seal of reprobation on such implied, unjust, and oppressive agreements.
When there is a settlement between them, and a promise to pay interest, the attention of the debtor is called to the state of the account. If he is wronged, it is his own fault; he then goes on with his eyes open.
Interest, in Pennsylvania, has already been extended further than in England, or in most of the states of the Union, and it is time for us to pause and consider, whether it has not been sufficiently extended.
I would wish to be considered as confining my opinion to a running account, and not interfering with the practice of dealing at six months’ credit, which has generally obtained between the merchants of a sea-port, and the country.
It is more easy to determine what interest shall not, than what shall be allowed, in the case of a running account. It is usually to be left to a jury, under all the circumstances. The Orphans’ Court have thought, that interest only should be allowed, from three months after the last item, on the debit side of the count; in which there is no error.
The court, therefore, order and decree that John Graham, surviving administrator of John Williams, pay to the 'legal representatives the sum of three hundred and seven dollars and fifty cents, the balance of the administration account, in his hands not distributed; and that the appellant pay the costs of this appeal.